**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

IN RE:
**Nicholas M. Lukens,**                :        Chapter 7
                                       :
                                       :
            Debtor.                    :        Bky. No.    24-10522 (PMM)

## ORDER SETTING HEARING WITH REGARD TO REAFFIRMATION AGREEMENT

**AND NOW, WHEREAS,** a reaffirmation agreement of the kind specified in 11 U.S.C. §524(c) between the Debtor and Ally Bank has been filed with the court (doc. #43);

**AND**, 11 U.S.C. §524(m) provides that a reaffirmation agreement shall be presumed to be an undue hardship on the Debtor if the Debtor's monthly income less the Debtor's monthly expenses as shown on the statement in support of the reaffirmation agreement required under 11 U.S.C. §524(k)(6)(A) is less than the scheduled payments on the reaffirmed debt;

**AND**, based on the Debtor's monthly income and monthly expenses as shown on the statement in support of the reaffirmation agreement required under 11 U.S.C. §524(k)(6)(A), as well as the income stated on Schedule I and expenses stated on Schedule J, the Debtor appears to have insufficient income to pay the scheduled payments on the reaffirmed debt,

**It is therefore ORDERED** that:

1. There is a presumption that the reaffirmation agreement would impose an undue hardship on the Debtor. See 11 U.S.C. §524(m)(1).

2. Pursuant to §524(m)(1), a hearing shall be held on **Wednesday, July 24, 2024 at 9:30 a.m.** in Bankruptcy Courtroom No. 1, U.S. Courthouse, 900 Market Street, Philadelphia, PA. to determine whether the reaffirmation agreement will be disapproved ("the §524(m)(1) Hearing").

3. Pending the conclusion of the §524(m)(1) Hearing, the discharge order under 11 U.S.C. §727(a) shall not be entered. See Fed. R. Bankr. P. 4004(c)(1)(K).

**Date: 7/11/24**

_Patricia M. Mayer_

**PATRICIA M. MATER**
**U.S. BANKRUPTCY JUDGE**